The arbitration clause placed by Green Tree[4] into the financing contract of which it takes assignment should not be specifically enforced. Green Tree reserves to itself the right "to use judicial or non-judicial relief," 723 So.2d at 51, and yet compels consumers to submit any claims they might have against Green Tree to arbitration, with an arbitrator "selected by Assignee." Further, when Green Tree files an action in a court of law, it retains the right to compel arbitration of a counterclaim filed by the consumer. Green Tree, the party in the superior position, gives itself the right of access to a court of law, but denies that right to the inferior party.
The inequity of this clause and its effect is shown by the fact that, before moving to compel arbitration, Green Tree removed the action to a federal court. Only when the federal court remanded the case did Green Tree move to compel arbitration. Surely this amounted to a waiver of the right to compel specific performance of the arbitration clause.
A majority of this Court, in Ex parte McNaughton, [Ms. 1961708, August 28, 1998] ___ So.2d ___ (Ala. 1998), disapproved of the reasoning in Northcom, Ltd. v. James, 694 So.2d 1329 (Ala. 1997), regarding contracts of adhesion, lack of mutuality of remedy (where one side can compel specific performance of an arbitration clause, but the other cannot), and unconscionability. Nevertheless, the Supreme Court of the United States, inMitsubishi Motors Corp. v. Soler Chrysler-Plymouth, *Page 55 Inc., 473 U.S. 614, 627, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), has stated the ground on which a court should not order specific performance of such a one-sided arbitration clause: "Of course, courts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud oroverwhelming economic power that would provide grounds `for the revocation of any contract.'" (Emphasis added.)
For the reasons stated herein and in my dissent in Ex parteMcNaughton, supra, I dissent from the denial of the petition for the writ of mandamus.
[4] I pass over the question whether the defendant in this action is the assignee of the contract or whether two separate Green Tree corporations are involved. See footnote 1 to the majority opinion 723 So.2d at 51.